IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03cv269

| | |
|---|---|
| JEFFREY S. MEDLIN,<br>　　Plaintiff,<br><br>　　　vs.<br><br>WILLIAM TRULL and JAMES I.<br>PENDERGRAPH,<br>　　Defendants. | )<br>)<br>)<br>)　　ORDER<br>)<br>)<br>)<br>)<br>) |

　　This is a civil action for monetary relief brought pursuant to 42 U.S.C. § 1983. Jurisdiction is present under 28 U.S.C. § 1441(b). Plaintiff Jeffrey Medlin alleges claims of excessive force and malicious prosecution against Defendants James Pendergraph, Sheriff of Mecklenburg County, and deputy sheriff William Trull, relating to an alleged off-duty incident occuring near Trull's residence on September 5, 2001. This matter is presently before the Court upon Defendants' motion to dismiss for failure to prosecute, filed January 14, 2005. (Doc. No. 6) In their motion, Defendants ask this Court to exercise its discretion under Fed. R. Civ. P. 41(b), which provides that the Court may dismiss an action upon motion of one of the parties "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." For the following reasons, beginning with the Court's findings of fact, the Court will <u>grant</u> the Defendants' motion.

FINDINGS OF FACT

　　This action originally was filed on September 5, 2002 in Mecklenburg County Superior Court against Deputy Trull and Mecklenburg County. The state court granted the County's motion to

1

dismiss in January, 2003. Approximately three months later, Plaintiff filed an Amended Complaint adding Sheriff Pendergraph as a defendant. Pendergraph removed the case to federal court on May 28, 2003, and Trull filed a Notice of Joinder in the removal that same day. By May 29, 2003, both defendants had answered the second amended complaint. Plaintiff has made no efforts since to prosecute his complaint. On January 14, 2005, Defendants filed a motion to dismiss for failure to prosecute. As of the date of this order, over one year later, Plaintiff has yet to respond.

OPINION

The authority of a federal court to dismiss a plaintiff's action for failure to prosecute is well-established. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962). Courts may act on their own initiative "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief" and may do so without notice to the plaintiff. Id., at 629-630. The Federal Rules of Civil Procedure specifically recognize that district courts have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b).

The Fourth Circuit has enunciated four factors which a district court shall consider before it exercises its discretion under the Rule 41(b), which include: 1) the plaintiff's personal culpability; 2) the degree to which a defendant has suffered prejudice; 3) whether there is a protracted history of intentionally proceeding in a dilatory fashion; and 4) any alternative measures that might be taken that are less drastic than dismissal. Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir. 1990). The enunciated criteria do not represent a rigid balancing test or specific facts that must be found before involuntary dismissal is appropriate. Rather, "the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.

1989). In the present case, the Court finds that Plaintiff's absolute failure to take even the most basic steps to prosecute his action, including responding to Defendants' motion to dismiss, compels dismissal of his complaint.

First, the Court finds that Plaintiff bears at least some personal responsibility for the delay. It has been nearly three years since the filing of plaintiff's amended complaint and there is no indication that Plaintiff has been unaware of his counsel's inaction that or has urged his counsel to prosecute the claim. This indicates a substantial degree of plaintiff's personal responsibility for the dilatory nature of his case, in particular given the alleged continuing harassment by Deputy Trull. However, even if the plaintiff was misled by his counsel, he nevertheless is responsible for his counsel's inaction. "[He] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Even if the plaintiff bears no personal responsibility for the delay, such blamelessness does not prevent dismissal." Link, at 633.

Second, the Court finds that Defendants likely have been prejudiced by the delay. The Plaintiff has alleged personal injuries caused by unlawful and excessive force, malicious prosecution, and continuing intentionally infliction of emotional distress. Such allegations involve a number of factual matters which cannot be easily substantiated by documentary evidence. Memories fade and witness become unavailable. Furthermore, a showing of actual prejudice is not required before dismissal can be ordered under Rule 41(b). See O'Rourke Bros., Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000); Morris v. Morgan, Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991)("[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."). Given that the relevant events occurred almost three

and a half years ago, the Court believes it certainly may be presumed that the Defendants would likely suffer actual prejudice caused by the delay if this case were to continue.

Third, while there is no precise evidence of intentional delay, the record demonstrates the case has loitered for nine months in state court and another three years in this Court without Plaintiff doing taking such basic steps to move it forward as requesting a Rule 26(f) conference.[1] The fact that the Plaintiff has never initiated a single discovery request since September 5, 2002, exemplifies a history of proceeding in a dilatory fashion. Dismissals under similar circumstances have been upheld on appeal. See McKinnon v. Pendergraph, 75 Fed. Appx. at 163 (4th Cir. 2003) (affirming dismissal after twenty-three months of inactivity); Harrelson v. United States, 613 F.2d 114,116 (5th Cir. 1980)(affirming dismissal after twenty-two months of inactivity); Medeiros v. United States, 621 F.2d 468, 469 (1st Cir. 1980)(affirming dismissal entered two years months after complaint was filed based upon "an unreasonable delay by plaintiff's counsel without availing himself of pretrial discovery and depositions"). Because of Plaintiff's persistent failures to take even the most basic steps to prosecute his claim, the Court believes that it can properly infer that Plaintiff's dilatory conduct has been purposeful.

Fourth, the Court does not believe that other sanctions are appropriate. The damage is done and cannot be undone. Plaintiff has failed to prosecute his claims. A twenty-eight month failure to prosecute is inexcusable and dismissal is the appropriate remedy.

---

[1] According to the affidavit of Defendant's counsel "[s]ince the time of removal to this Court on May 28, 2003, the only contact this office has had with Plaintiff s counsel concerning the case involved the receipt of Plaintiff s discovery responses on or about July 22, 2003, and the obtaining of medical records release authorizations in September and October of 2003. At no time since has Plaintiffs counsel contacted this office to discuss the case either procedurally or on the merits, nor has Plaintiff ever conducted any discovery himself since filing the case in state court on September 5, 2002."

Having considered factors described by the Fourth Circuit, each militates in favor of dismissal for failure to prosecute under both Rule 41(b) and the Court's inherent power to do so.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' motion to dismiss for failure to prosecuted is **GRANTED**.

Signed: February 21, 2006

Robert J. Conrad, Jr.
United States District Judge